UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 5:25-cv-03559-CV-SSC Date: November 17, 2026

Title *Olaudah McKenzie v. Araiza*

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Directing Respondent to Show Cause Why Habeas Relief Should Not Be Granted**

On December 12, 2025, Petitioner brought this action under 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons (BOP) improperly denied him the application of earned time credits (ETCs) under the First Step Act (FSA) and prerelease placement in a residential reentry center (RRC) under the Second Chance Act (SCA). (ECF 1; ECF 25.) As to his SCA claim, Petitioner contends that the BOP has unlawfully deemed him ineligible for prerelease placement under the SCA based on his immigration detainer. (ECF 1 at 5–11; ECF 25 at 2–7.) He maintains that the SCA independently required the BOP to consider him for placement in an RRC and that his immigration detainer, alone, cannot render him categorically ineligible for such consideration. (ECF 1 at 5–11; ECF 25 at 2–7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03559-CV-SSC Date: November 17, 2026

Title *Olaudah McKenzie v. Araiza*

On May 8, 2026, Respondent moved to dismiss the Petition, arguing that Petitioner failed to exhaust his administrative remedies. (ECF 17.) On August 12, 2026, the Court denied the motion to dismiss without prejudice and ordered Respondent to answer the Petition. (ECF 22.) On September 11, 2026, Respondent filed an answer (ECF 23.) Although the answer addressed the FSA claim, it did not address the merits of the SCA claim. (*id.*) On October 6, 2026, Petitioner filed a reply (ECF 25). For the reasons discussed below, the Court **ORDERS** Respondent to show cause why relief in the form of an individualized assessment should not be granted on Petitioner's SCA claim.

**I**

**A**

Petitioner is subject to an ICE detainer, which the BOP appears to have relied on in denying him RRC placement under the SCA. (ECF 23-1 at 50.) An April 6, 2026 BOP assessment states that SCA placement requires an individualized review under the five factors enumerated in 18 U.S.C. § 3621(b), but it also states that individuals with pending charges or detainers "are not eligible for SCA time." (ECF 23-1 at 50.) The assessment identifies Petitioner as "SCA Ineligible," lists his recommended SCA placement days and placement date as "N/A," and identifies his pending ICE detainer. (*Id.*) Based on the submissions of the parties, it does not appear that the BOP conducted a separate individualized five-factor assessment in denying Petitioner RRC placement under the SCA. (ECF 23; ECF 23-1; ECF 17; ECF 17-1.)

**B**

The SCA amended 18 U.S.C. § 3624(c) to authorize RRC placement for up to twelve months near the end of a federal prisoner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03559-CV-SSC Date: November 17, 2026

Title *Olaudah McKenzie v. Araiza*

term of imprisonment. *See Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). In determining whether and for how long a prisoner should be placed in an RRC, the BOP must consider the factors enumerated in 18 U.S.C. § 3621(b). Those factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the United States Sentencing Commission. 18 U.S.C. § 3621(b). The BOP must make its prerelease-placement determination "on an individual basis" and in a manner consistent with the § 3621(b) factors. § 3624(c)(6); *see Sacora*, 628 F.3d at 1066.

Although § 3625 generally precludes judicial review of discretionary determinations made pursuant to § 3624, it does not bar judicial review of a claim that the BOP acted contrary to federal law or exceeded its statutory authority. *See Reeb v. Thomas*, 636 F.3d 1224, 1226–28 (9th Cir. 2011). Accordingly, courts may not review how the BOP weighs the § 3621(b) factors or substitute their judgment for the BOP's ultimate placement decision, but courts may determine whether the BOP complied with its statutory obligation to consider those factors in the first instance. *See Rodriguez v. Smith*, 541 F.3d 1180, 1186–89 (9th Cir. 2008); *Sacora*, 628 F.3d at 1066–68.

**C**

The present record appears to indicate that the BOP treated Petitioner's immigration detainer as a categorical bar to SCA consideration. The April 6, 2026 assessment recognizes that SCA placement requires an individualized five-factor review under § 3621(b), but does not reflect that such a review was conducted. (ECF 23-1 at 50.) Instead, the April 6 assessment states that individuals with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03559-CV-SSC Date: November 17, 2026

Title *Olaudah McKenzie v. Araiza*

pending charges or detainers "are not eligible for SCA time." Furthermore, the assessment designates Petitioner "SCA Ineligible," identifies his ICE detainer, and lists his recommended SCA placement days and placement date as "N/A." (*Id.*) Respondent identifies no individualized five-factor assessment elsewhere in the record, and the materials submitted do not appear to contain one. (ECF 23; ECF 23-1; ECF 17; ECF 17-1.)

**D**

For the foregoing reasons, Respondent is **ORDERED TO SHOW CAUSE by no later than December 1, 2026,** why the Court should not recommending granting the petition as to the SCA claim and direct the BOP to conduct an individualized assessment of Petitioner's eligibility for RRC placement under §§ 3621(b) and 3624(c). In responding to this Order, Respondent shall specifically identify any individualized assessment of Petitioner's eligibility for SCA placement that the BOP contends has already occurred. If Respondent maintains that such an assessment was conducted, Respondent shall identify when it occurred, who conducted it, the statutory or regulatory authority under which it was conducted, the § 3621(b) factors considered, and the portion of the record documenting that consideration, or provide documentation reflecting that such consideration occurred.

Alternatively, if Respondent contends that no individualized assessment is required for Petitioner, Respondent must identify the legal basis for arguing such.

**II**

Respondent contends that Petitioner's SCA claim should be dismissed because he failed to exhaust the BOP's administrative remedy process. (ECF 17 at 4–10; ECF 23 at 4 n.2.) Respondent notes that Petitioner completed only the institutional level of the BOP's administrative remedy process by submitting a BP-9 to the Warden, but did not pursue the remaining appeals to the Regional Director (BP-10) or the General Counsel (BP-11). (ECF 17-1 at 4–5.)

**A**

A habeas petitioner seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). But because the exhaustion requirement is not jurisdictional, it is subject to waiver. *Id.* at 1045–46; *Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional."). A court's discretion to waive exhaustion "is not unfettered," and waiver is inappropriate where it would encourage the deliberate bypass of the administrative process. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Waiver is, however, warranted when, among other things, pursuit of administrative remedies would be futile. *See Ward*, 678 F.3d at 1045–46; *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). Exhaustion is futile when the agency's position on the issue appears "already set" and unlikely to change. *Sun v. Ashcroft*, 370 F.3d 932, 942–43 (9th Cir. 2004). Courts have generally applied the futility exception when the BOP has cited an official policy foreclosing a favorable determination for the petitioner. *See, e.g., Ward*, 678 F.3d at 1045–46 (waiving exhaustion requirement as futile when BOP's denial

was based on existing policy and "any further appeal" on that issue "would unquestionably have been denied"); *Fraley*, 1 F.3d at 925 (same).

**B**

The circumstances underlying Petitioner's SCA claim appear to warrant waiver of exhaustion. The BOP's own assessment in this case states that inmates with pending charges or detainers "are not eligible for SCA time," designates Petitioner "SCA Ineligible," and identifies his ICE detainer. (ECF 23-1 at 50.) Thus, the record appears to reflect that Petitioner's SCA ineligibility resulted from a generally applicable BOP position rather than an individualized determination particular to him. Assuming that is true, further administrative review would serve little purpose because resolving Petitioner's claim would present a purely legal question—whether the BOP may treat an immigration detainer as categorically precluding SCA consideration—rather than a factual question that would benefit from further administrative development. *See Karapetyan v. Engleman*, No. 2:22-cv-05291-SSS (MAR), 2022 WL 17224653, at *3 (C.D. Cal. Nov. 2, 2022) (waiving exhaustion as futile when BOP denied petitioner's request for time credits pursuant to its policy that inmates with immigration detainers were ineligible to apply such credits), *report and recommendation adopted*, No. 2:22-cv-05291-SSS (MAR), 2023 WL 172015 (C.D. Cal. Jan. 12, 2023); *Mohammed v. Engleman*, No. 2:25-CV-01011-MWC-MBK, 2025 WL 1909836, at *5 (C.D. Cal. July 9, 2025) (same), *report and recommendation adopted*, No. 2:25-CV-01011-MWC-MBK, 2025 WL 2294325 (C.D. Cal. Aug. 8, 2025). Respondent has submitted the relevant BOP records concerning Petitioner's immigration detainer and prerelease eligibility, including the assessment reflecting the asserted basis for his SCA ineligibility. (ECF 23-1 at 6–7, 50.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03559-CV-SSC Date: November 17, 2026

Title *Olaudah McKenzie v. Araiza*

There is, however, some uncertainty concerning the BOP policy underlying Petitioner's SCA ineligibility determination. The BOP's policies concerning the application of FSA ETCs toward prerelease custody and early release for prisoners with immigration detainers have changed multiple times in recent years. *See Mohammed*, 2025 WL 1909836, at *2–3. The record here does not make clear whether those changes affected the BOP's separate consideration of prisoners, such as Petitioner, with immigration detainers for RRC placement under the SCA. Accordingly, before determining whether further administrative review would be futile, the Court requires additional information concerning the BOP policy that governed Petitioner's SCA determination, whether that policy remains in effect, and whether any subsequent change in BOP policy affects Petitioner's eligibility for individualized consideration under the SCA.

**C**

Accordingly, Respondent is **ORDERED TO SHOW CAUSE by no later than December 1, 2026,** why the Court should not waive exhaustion of Petitioner's SCA claim as futile. In doing so, Respondent shall address whether further administrative review could have afforded Petitioner meaningful relief, including whether further appeals could have resulted in an individualized assessment of his eligibility for RRC placement notwithstanding the BOP's determination that he was "SCA Ineligible" based on his ICE detainer. (ECF 23-1 at 50.)

Respondent shall also identify and explain the BOP's current policy concerning RRC placement for prisoners with immigration detainers, including any distinction between placement through application of FSA ETCs and placement independently under the SCA. Respondent shall identify the policy, if any, that the BOP applied to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03559-CV-SSC Date: November 17, 2026

Title *Olaudah McKenzie v. Araiza*

determine that Petitioner was "SCA Ineligible," explain whether that policy remains in effect, and address whether any subsequent change in BOP policy affects Petitioner's eligibility for individualized consideration under the SCA. Respondent shall also provide any relevant BOP program statements, memoranda, directives, or other guidance necessary to support the response.

**IT IS SO ORDERED.**

:

Initials of Preparer **ts**